IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANN BECKER HURD,

                Plaintiff,

     vs.

KIRK FELLHOELTER, KRISTEN MICKEY,
AUDREY MILLER, KADEE BAYLESS,
MICHAEL MODEC, SCOTTSBLUFF
COUNTY COURT, and SCOTTSBLUFF
PUBLIC SCHOOL DISTRICT,

                Defendants.

**8:23CV286**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 13. Also before the Court is Plaintiff's Motion to Appoint Counsel, Filing No. 15. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983 against Morrill County Attorney Kirk Fellhoelter; Judge Kristen D. Mickey; Judge Audrey Miller; DHHS Caseworker Kadee Bayliss, and Scottsbluff High School Resource Officer Michael Modec in their individual and official capacities. Filing No. 1 at 2-4. Plaintiff also lists the Scottsbluff County Court and the Scottsbluff Public School District in the caption but does not identify either entity as parties in the form Complaint. *See* Filing No. 1.

The legal basis for Plaintiff's allegations are difficult to discern. Plaintiff's principal allegation appears to be that Defendant Fellhoelter exceeded his jurisdiction in Morrill

County by filing and serving a Juvenile Court Petition on Plaintiff in Scottsbluff County. *See* Filing No. 1 at 8; *see also* Filing No. 1 at 15. Plaintiff alleges the other individual Defendants shared in Fellhoelter's wrongdoing through their participation in considering and serving the Petition. *See* Filing No. 1 at 9-10. Plaintiff makes conclusory allegations that Fellhoelter is collecting a salary from both Scottsbluff and Morrill Counties, and that serving the Petition to remove Plaintiff's children—who are citizens of Texas—amounts to human trafficking. *See* Filing No. 1 at 10-11. Plaintiff seeks in excess of $5 billion in damages for emotional distress, breach of contract, fraud, and "misused jurisdictional laws." Filing No. 1 at 14.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").  A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, the Complaint—even construed liberally—does not comply with the general rules of

pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's allegations are predominantly legal conclusions about Defendant Fellhoelter's alleged misuse of jurisdictional laws and the other parties' participation in this wrongdoing. However, the Complaint provides few facts to support these allegations. Though Plaintiff concludes repeatedly that Defendant's actions were illegal, deceitful, and fraudulent, her allegations lack any explanation to support these assertions. *See* Fed. R. Civ. P. 9(b) (requiring that a party alleging fraud "must state with particularity the circumstances constituting fraud.") Moreover, Plaintiff alleges no facts suggesting any of the Defendants' actions were contrary to law and makes no specific allegations against several of the Defendants. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim or pleading fraud with particularity. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

Second, Plaintiff's allegations against the judges are barred. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Judicial immunity is an immunity from suit, not just from damages, and

"is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Moreover, "a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal quotation omitted). Plaintiff makes no factual allegations to support a conclusion that the judges' actions were taken in the complete absence of authority. Rather, her allegations suggest the judges acted on the Petition in their judicial capacity. Accordingly, Plaintiff's claims against the judges are subject to dismissal.

Plaintiff's allegations against Fellhoelter also appear barred by prosecutorial immunity. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Fellhoelter's actions in initiating the Petition appear intimately associated with the judicial process. Plaintiff's allegations lack factual support for any other potential wrongdoing by Fellhoelter. Accordingly, Plaitniff's allegations against Fellhoelter are subject to dismissal.

Third, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official

capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446 47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See, e.g., id.; Nevels v. Hanlon*, 656 F.2d 372, 377 78 (8th Cir. 1981).  Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 that seek equitable relief from state employee defendants acting in their official capacity. Plaintiff has sued Defendants—some of whom are allegedly employees of the State of Nebraska—and seeks only monetary relief against them.  To the extent she seeks to sue Defendants in their official capacities as employees of the State of Nebraska, the Eleventh Amendment bars claims for damages by private parties against employees of a state sued in their official capacities.

## V.  MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper*

6

*Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Having carefully considered the record, the Court will not appoint counsel at this time.

### V. CONCLUSION

Plaintiff's Complaint does not show this Court has subject matter jurisdiction over all of the Defendants, nor does it allege sufficient facts to state a plausible claim.  Thus, no claim is stated upon which relief may be granted.  Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e).  However, out of an abundance of caution, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1.    Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In the amended complaint, Plaintiff must comply with federal pleading requirements.

2.    In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.    The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

7

4.      The Clerk of the Court is directed to set a pro se case management deadline

using the following text: **August 1, 2024**—amended complaint due.

5.      Plaintiff's Motion to Appoint Counsel, Filing No. 15, is denied.

Dated this 1st day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge